**UNITED STATES of America, Plaintiff–Respondent,**

v.

**Steven A. BOWEN, Defendant–Petitioner.**

Nos. 89–20079–02, 91–3359–S.

United States District Court, D. Kansas.

March 31, 1992.

Julie A. Robinson, Asst. U.S. Atty., for U.S.

Steven A. Bowen, pro se.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendant's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 in which defendant collaterally attacks his conviction and sentence in this case. Defendant was convicted of one count of distribution of cocaine in violation of 21 U.S.C. § 845(a).

Defendant claims that he was denied his constitutional right to the effective assistance of counsel due to an alleged conflict of interest. Petitioner alleges that his at-torney's representation of a witness in another case impaired his ability to effectively represent him. Specifically, defendant Bowen contends that because his attorney represented a witness who was arrested and who cooperated with the Drug Enforcement Agency in an investigation which culminated in charges being filed against two other individuals in the District of Kansas, namely Joseph and Thomas Ruth (Case No. 89–20078), defense counsel's ability to effectively defend petitioner was impaired. Although petitioner knew of his attorney's representation of this witness, he did not raise any objections to his representation prior to, or during the trial.

The sixth amendment guarantees a defendant the right to an attorney free of interests that conflict with those of the accused. *United States v. Soto Hernandez*, 849 F.2d 1325, 1328 (10th Cir.1988). "This right is not limited to cases involving joint representation of codefendants at a single trial, but extends to any situation in which a defendant's counsel owes conflicting duties to that defendant and some other third person." *Id.* (citing *Wood v. Georgia*, 450 U.S. 261, 268–72, 101 S.Ct. 1097, 1101–04, 67 L.Ed.2d 220 (1981); *United States v. Winkle*, 722 F.2d 605, 609–10 (10th Cir.1983)). "Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing." *Holloway v. Arkansas*, 435 U.S. 475, 489–90, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978). Such a conflict may arise where a defendant's attorney previously represented a government witness and is unable to effectively cross examine that witness because of his previous representation. *Winkle*, 722 F.2d at 610. Where a defendant raised no objection at trial, as in the present case, a defendant "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). However, once an actual conflict and adverse effect is shown, defendant need not show prejudice. *Soto Hernandez*, 849 F.2d at 1330.

 After thoroughly reviewing the pleadings regarding this petition and the file of this case, the court has determined that a hearing is not warranted because defendant has not presented allegations which, if proven, would amount to a conflict of interest. Nor has petitioner alleged, or demonstrated, how his representation by counsel was in any way impaired due to the alleged conflict of interest. Specifically, the court finds petitioner has failed to demonstrate how counsel's representation of a government witness in a separate and unrelated trial conflicted or impaired counsel's representation of petitioner. This case is unlike *Winkle*, in which the defendant's attorney was impaired in his ability to cross examine a government's witness in the defendant's trial because to do would adversely affect the government witness's interest. *Winkle*, 722 F.2d at 609-11. In this regard, petitioner acknowledges that the other individual which his counsel had represented was not even called or listed as a witness in petitioner's case. Indeed, the court finds that petitioner has failed to show how counsel "actively represented conflicting interests." *Soto Hernandez*, 849 F.2d at 1329.

Further, the court finds that petitioner has failed to demonstrate how his counsel's representation adversely affected his performance when representing petitioner. In this regard, petitioner advances the argument that his motion to sever the petitioner from his codefendant, Neil White, was motivated by his attorney's concern over the alleged conflict. However, the court finds this argument to be without merit because, as was stated previously, this witness did not testify against his codefendant either. Thus, severance of petitioner's case from his codefendant's case appears to have no relationship whatsoever to defense counsel's representation of petitioner. Rather, the court finds that the actual basis of petitioner's motion for severance was that a disparate quantum of evidence existed against his codefendant, not that an alleged conflict of interest existed. Accordingly, because the court finds that the files and records in this case conclusively show that petitioner is not entitled to relief, petitioner's request for relief under 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.